O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-1087 AHM (CWx) | Date | April 13, 2009 |
|---|---|---|---|
| Title | STACEY SHANE v. ALBERTSON'S INC. EMPLOYEES DISABILITY PLAN, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:       Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Plaintiff has filed a motion to enforce the Judgment that the Court entered on September 12, 2005 ("the Judgment"). Plaintiff contends that the Judgment has been flouted by Defendants Albertson's Inc. Employees Disability Plan ("the Disability Plan") and Albertson's Inc. Employee's Medical and Dental Plan ("the Medical Plan"). For the foregoing reasons, the Court GRANTS the motion in part and DENIES it in part.

## I.     OFFSETS TO THE MONTHLY LONG TERM DISABILITY BENEFITS

The Court finds that the Judgment does not permit the workers' compensation offsets that the Disability Plan has made. The Judgment clearly states that "[u]nder the Disability Plan, gross monthly benefits are reduced by other income benefits, which for the purposes of this case include only the amount Shane initially received for Social Security Disability Income ("SSDI")." Defendant has waived the right to object to this limitation because the calculation of benefits upon which it is based was presented in Plaintiff's Opening Trial Brief before this Court and in the Proposed Judgment, and Defendant did not object to it in this Court or before the Ninth Circuit. The Court notes that the right to bring a motion under Federal Rule of Civil Procedure 60(b) was also waived.

The Court therefore ORDERS the Disability Plan to reimburse Plaintiff for the deficiencies in the payments it made to Plaintiff from July 29, 2005 onward. The shortfall amounts to $38,870.13, including interest, and must be paid in full to Plaintiff within ten days of this Order. The Court also ORDERS that if the Disability Plan concludes that Plaintiff is still eligible for benefits it continue to pay monthly disability benefits that reflect permissible deductions only for SSDI payments.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-1087 AHM (CWx) | Date | April 13, 2009 |
|---|---|---|---|
| Title | STACEY SHANE v. ALBERTSON'S INC. EMPLOYEES DISABILITY PLAN, et al. | | |

///

## II.  MEDICAL RECORDS AND CONTINUING ELIGIBILITY FOR COVERAGE

Although much of the flak the parties have exchanged over the production of records has become moot because the Disability Plan is now seeking records dating only from January 2008, it is imperative that Plaintiff receive any benefits due and unpaid since late October 2008.

The Court therefore ORDERS that Plaintiff produce the requested records by no later than May 18, 2009.  Although the Disability Plan cites a Plan provision stating that the Plan is not responsible for the costs of obtaining medical records, that passage is from the 2002 Plan, which this Court has already held does not apply to this case.  The Disability Plan must therefore cover the costs of retrieving these records.  In the alternative, the Plan may recover the records itself, as it did for the Twin City Hospital records.

In addition, the Court ORDERS that following the Plan's review of the requested records, the Plan must notify Plaintiff by no later than May 28, 2009 whether she remains eligible for coverage.  If the Plan concludes that Plaintiff is still eligible, it must pay her the total past amount due ($9,140.67) by May 28, 2009.  If the Plan denies Plaintiff coverage without citing specific reasons, or if it concludes that Plaintiff is no longer eligible, and ceases to make monthly payments, this Court will retain jurisdiction to resolve ultimately any dispute arising out of any such action.

## III.  PAYMENT OF OUTSTANDING MEDICAL BILLS

Finally, Plaintiff contended in her motion that the Medical Plan disobeyed the Judgment by failing to process some $55,000 in medical bills.  The Plan has now processed most of the claims and sent Plaintiff a check for $2,879.12.  However, there are still some $12,000 in claims outstanding for the year 2008.  According to Plaintiff, the Plan has had those claims for at least 100 days.  The Court ORDERS the Plan to process the 2008 claims within 30 days of this Order.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-1087 AHM (CWx) | Date | April 13, 2009 |
|---|---|---|---|
| Title | STACEY SHANE v. ALBERTSON'S INC. EMPLOYEES DISABILITY PLAN, et al. | | |

## IV.  SANCTIONS AND FEES

Although the Court concludes that a number of Defendants' positions were erroneous, it does not find that they were so frivolous that sanctions or fee shifting are appropriate.

For the above reasons, the Court GRANTS the motion to enforce the judgment[1] in part and DENIES it in part.

:

Initials of Preparer       se

---

[1] Docket No. 80.